UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JOSEPH TARABOCHIA, | CASE NO. C18-5340 RJB |
|---|---|
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| CITY OF LONGVIEW, POLICE OFFICERS BRANDEN MCNEW, SERGEANT BRIAN STREITHGUTH, and 3RD OFFICER JOHN DOE, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1), Plaintiff's Request of Order for Injunctive Relief Preliminary Injunction Sought (Dkt. 1-2) and on review of the proposed complaint (Dkt. 1-1). The Court has considered the relevant record and the remainder of the file herein.

On May 1, 2018, Plaintiff filed a proposed civil complaint arising from his arrest, and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DENYING MOTION
FOR INJUNCTIVE RELIEF- 1

proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that over the last 12 months, he has received the following income: $660 from disability, unemployment workers compensation or public assistance. Dkt. 1, at 1. He states that he has no cash on hand and nothing in his bank accounts. Dkt. 1, at 2. He has an automobile worth $100. *Id.* Plaintiff alleges that he has $660 a month in living expenses. *Id.* He further states he "lost livlyhood [sic] at the hands of W.D.F.W. and suffer from traumatic brain injury." *Id.*

**Review of the Complaint.** The Court has carefully reviewed the complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff's proposed complaint, entitled "Complaint – Unlawful – Arrest Search Conducted in Violent Abusive Manner 28 U.S.C. 1343 Fed. Civ. P. 8 (a)," names as defendants the City of Longview, Police Officers Branden McNew, Brian Streithguth and "John Doe." Dkt. 1-1, at 1. Plaintiff asserts that on May 5, 2015, Officer McNew stopped him for a "minor driving infraction." Dkt. 1-1, at 2. He alleges that after he produced his driver's license, Officer McNew "yelled at Plaintiff and ordered that he produce his registration and proof of insurance." *Id.*, at 2-3. Plaintiff asserts that he told the officer that he did not have them and that the items were stolen in a break in of his vehicle. *Id.*, at 3. He asserts that Officer McNew "aggressively" ordered him out of the vehicle, and Plaintiff "retreated (backwards)." *Id.* Plaintiff's proposed complaint then states:

> At most McNew's lawful authority, provided that he could simply write [Plaintiff] a citation-infraction for his failure to produce the documents. Instead, McNews

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DENYING MOTION
FOR INJUNCTIVE RELIEF- 2

| | |
|---|---|
| 1 | [sic] erratic and unlawful behavior caused Plaintiff to retreat toward his vehicle, with his back to McNew Plaintiff dialed 911 for police assistance. |
| 2 | |
| 3 | When McNew realized that Plaintiff called 911 after hearing "911 whats [sic] your emergency" he totally lost all control of himself. |
| 4 | McNew physically assaulted [Plaintiff] knocking his cell phone to the ground and slamming his foot onto it (breaking it) and kicked it across the street. Defendant yelled, "Joe, you f--- Ass---, Don't you ever call the f---, police, I am the f---- police, you're not in Wahkiakum your [sic] in f--- Longview." |
| 5 | |
| 6 | |
| 7 | McNew grabbed onto Plaintiff's hair and ears and threw him to the pavement. [Plaintiff] believed that Officer McNew was going to kill him as he assaulted and repeatedly choked him. |

*Id.,* at 3-4. Plaintiff maintains that in around a minute two more officers "piled onto the motionless Plaintiff." *Id.,* at 4. He alleges that none of the officers had body cameras or dash cameras turned on. *Id.*

Plaintiff asserts that he was tightly handcuffed. *Id.,* at 4. He maintains that the officers deliberately did not put a seatbelt on him. *Id.* Plaintiff alleges that while being transported to the jail, Officer McNew "repeatedly swerved back and forth," "catapult[ing]" Plaintiff back and forth, while McNew was laughing and swearing non-stop. *Id.*

Plaintiff alleges that even though he was calm, when they entered the booking area, McNew stood behind him with a hard object poking in his back, saying, "just move a finger and I'll taze [sic] you." *Id.* Plaintiff was released the following evening. *Id.,* at 6.

Plaintiff asserts that he was acquitted of the charge of obstructing a public servant by a jury in the summer of 2016. Dkt. 1-1, at 5. He alleges that he was found guilty of resisting arrest. *Id.* Plaintiff asserts that Officer McNew testified that "he ordered [Plaintiff] to return to his vehicle to get the documents and that he ordered Plaintiff not to return to the truck because he had seen a knife." *Id.* Plaintiff maintains that after his arrest, photographs taken of the search of the truck did not reveal a knife, and that the "knife accusation was a ploy." *Id.*

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DENYING MOTION
FOR INJUNCTIVE RELIEF- 3

Plaintiff maintains that he appealed his conviction to the superior court and the case was remanded for retrial. *Id.* He was appointed another lawyer. *Id.*

Plaintiff alleges that in the spring of 2017, Longview police officers arrested and injured his lawyer at his lawyer's office. Dkt. 1-1, at 5. He maintains that, while there, the officers "tampered with [Plaintiff's] lawyers [sic] computer and cell phone . . . destroyed [Plaintiff's] paper file records." *Id.,* at 5-6. His lawyer withdrew in November of 2017. *Id.,* at 6.

Plaintiff asserts that "[b]ecause of the shortcomings in the justice system, (prosecutors [sic] discretion, to choose whatever cases that they wish to prosecute) [Plaintiff] has been subjected to court hearings for three years and is still awaiting an upcoming trial." Dkt. 1-1, at 6. He maintains that he feels unable to return to the Longview area, which makes it "very hard especially to arrange transportation to court hearings." *Id.*

Pursuant to 42 U.S.C. § 1983, Plaintiff makes claims for violation of his constitutional right (1) against unreasonable searches and seizures, (2) to be informed of the "nature and cause of the accusation against him," (3) to due process, and (4) to equal protection. Dkt. 1-1, at 7. Plaintiff seeks damages. *Id.*

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12 (b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Moreover, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. All Plaintiff's claims are barred by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine reflects the strong federal policy against federal interference with pending state judicial proceedings. *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998). Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Samuels v. Mackell*, 401 U.S. 66 (1971). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important

state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

This Court should abstain from interfering in Plaintiff's state criminal proceedings. Criminal trials involve important state interests and Plaintiff has the opportunity to raise his issues before the court in the criminal proceedings and on appeal in the state courts. Plaintiff's damages claims rest on a finding that his constitutional rights have been violated, and are not properly before the Court at this time. Assuming criminal proceedings are pending, this Court should abstain from interfering in those proceedings.

Moreover, under *Heck v. Humphrey*, when a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477 (1994). The *Heck* bar applies equally to criminal charges, not just convictions. *Whitaker v. Garcetti*, 486 F.3d 572, 583–84 (9th Cir. 2007).

> [A] § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the *Heck* Court's objectives of preserving consistency and finality, and preventing a collateral attack on [a] conviction through the vehicle of a civil suit.

*Harvey v. Waldron,* 210 F.3d 1008, 1015 (9th Cir. 2000).

Plaintiff's proposed complaint alleges that he has been charged with resisting arrest, but is awaiting retrial on the charges. Dkt. 1-1. (Under Washington law, RCW 9A.76.040 (1), "a person is guilty of resisting arrest if he or she intentionally prevents or attempts to prevent a peace officer from lawfully arresting him or her.") Plaintiff's claim for violation of his

constitutional right against unreasonable search and seizure would result in challenges to the evidence upon which the criminal charges against him are based, and so are currently barred under *Heck*.

Further, to the extent that Plaintiff bases his due process and equal protection claims on the circumstances surrounding his arrest, those claims should be dismissed. A constitutional claim is preempted if the right can be vindicated under a "different and more precise constitutional rubric." *Action Apartment Ass'n v. Santa Monica Rent Control Bd.,* 509 F.3d 1020, 1025 (9th Cir. 2007). The U.S. Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989), held that claims for unreasonable searches and seizures should be analyzed under the Fourth Amendment and its reasonableness standard, rather another constitutional amendment's approach. Accordingly, Plaintiff's claims for due process and equal protection, to the extent that they are duplicative of his Fourth Amendment claims, should be dismissed.

At this time, the proposed amended complaint should be dismissed without prejudice, to be re-filed, if appropriate, after the state proceedings are concluded, and the charges have been either dismissed or his conviction is overturned.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

In this case, any attempt by Plaintiff to amend the complaint would be futile. Plaintiff should not be afforded leave to amend his complaint.

**Decision on Application to Proceed IFP and Motion for Preliminary Injunction**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of*

*Seattle*, 152 F.3d 1113 (9th Cir. 1998)(*quoting Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court should deny, without prejudice, Plaintiff's application to proceed *in forma pauperis*. Dkt. 1. Further, Plaintiff's motion for a preliminary injunction (Dkt. 1-2) should be stricken as moot.

## ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) **IS DENIED WITHOUT PREJUDICE;**
- Plaintiff's Request of Order for Injunctive Relief Preliminary Injunction Sought (Dkt. 1-2) **IS STRICKEN AS MOOT**; and
- This case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge